UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUCY GOLD, Esq., Attorney for Child,

                    Plaintiff,

          -v-                                      3:20-CV-1546

LINDA S. SPROLE and ROBERT R.
SPROLE, III,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT R. SPROLE, III,

                    Plaintiff,

          -v-                                      3:20-CV-1547

LINDA S. SPROLE,
                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

LINDA S. SPROLE,
49 Cherry Road
Ithaca, NY 14850

THE DONALD J. MARTIN LAW FIRM, P.C.       DONALD J. MARTIN, ESQ.
Attorneys for Robert R. Sprole, III
126 North Salina Street, 4th Floor
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## ORDER REMANDING FOR WANT OF JURISDICTION

Pro se litigant Linda S. Sprole ("Ms. Sprole") has attempted to remove the above-captioned state court cases to this federal judicial district.  In the 20-CV-1546 action, Ms. Sprole sought to remove from Tompkins County Family Court a case in which Lucy Gold, Esq., acting in her capacity as attorney for the child, moved to suspend Ms. Sprole's visitation rights.  In the 20-CV-1547 action, Ms. Sprole sought to remove from Tompkins County Supreme Court a case in which her ex-husband moved for relief related to a Judgment of Divorce entered between the parties on September 22, 2015.

There are a number of procedural defects associated with both of Ms. Sprole's removal petitions that necessitate dismissal.  *See, e.g.*, *ACS v. Malek*, 2020 WL 6748476, at *1 (S.D.N.Y. Oct. 7, 2020) ("A federal district court may *sua sponte* remand an action within thirty days of the filing of the notice of removal for a procedural defect or at any time for a lack of subject matter jurisdiction.").  Chief among these defects is this Court's clear lack of subject matter jurisdiction over any aspect of either state court dispute.  *See, e.g.*, *Grohs v. Grohs*, 2017 WL 5171845, at *3 (D. Conn. Nov. 8, 2017) ("Ms. Grohs cannot remove a family court custody battle to this court simply by alleging that the state court has violated her federal civil rights.").

Therefore, it is

ORDERED that

1.  The 20-CV-1546 action is REMANDED to Tompkins County Family Court;

2.  The 20-CV-1547 action is REMANDED to Tompkins County Supreme Court;

3.  The Clerk of the Court shall file a copy of this Decision & Order in both cases;

4.  The Clerk is directed to terminate any pending motions and close each file; and

5.  The Clerk shall transmit a certified copy of the Order dismissing each removal petition to the state court from which it originated.

IT IS SO ORDERED.


Dated:  January 4, 2021
        Utica, New York.

_____
United States District Judge